FILED

05/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0212

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ORDER

RACHELL RENE FLORES,

Defendant and Appellant.

On her own behalf, Rachell Rene Flores has filed a "Motion for Removal of Counsel[.]" On April 3, 2024, counsel from the Appellate Defender Division filed a Notice of Appeal for Flores's amended judgment or order issued in the First Judicial District Court, Lewis and Clark County.

Flores states that she wants the Court to enter an Order "allow[ing] [her] counsel to be removed." As grounds, she explains that she has a current appeal with this Court and that she "would like to be a 'Self-Represented' Defendant." She adds that she thinks this case will be remanded to the District Court "based on disqualification" of the presiding Judge. She further asks to represent herself.

Flores has no right on appeal to represent herself. "'There is no constitutional right to self-representation on the initial appeal as of right.'" *Martinez v. Ct. of Appeal*, 528 U.S. 152, 155, 120 S. Ct. 684, 687 (2000), referring to *Faretta v. Cal.*, 422 U.S. 806, 95 S. Ct. 2525 (1975) (citation omitted). The United States Supreme Court pointed out the significant differences between the trial and appellate stages of a criminal proceeding. "By contrast, it is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below." *Martinez*, 528 U.S. at 162-63, 120 S. Ct. at 691 (internal citation and quotation marks omitted). The high court recognized that

"the right of appeal, as we presently know it in criminal cases, is purely a creature of statute. It necessarily follows that the [Sixth] Amendment itself does not provide any basis for finding a right to self-representation on appeal." *Martinez*, 528 U.S. at 160, 120 S. Ct. at 690 (internal citation and quotation marks omitted).

While Flores may not immediately recognize the benefit of the appointment of counsel for her direct appeal, she is entitled to counsel's representation. Section 46-8-104(1)(d), MCA.

This Court cautions Flores to refrain from filing pleadings on her own behalf while represented by counsel in an appeal. M. R. App. P. 10(1)(c). Accordingly,

IT IS ORDERED that Flores's Motion for Removal of Counsel is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Rachell Rene Flores personally.

DATED this _____ day of May, 2024.

For the Court,

By _____
Chief Justice

2